IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joyce Williams-Pearson, | ) | C/A No. 3:14-1137-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Joyce Williams-Pearson, who is employed by the defendant as a nursing supervisor, filed a Complaint in the Court of Common Pleas in Richland County asserting claims of racial discrimination, hostile work environment, and retaliation under the South Carolina Human Affairs Law, as well as state law claims for breach of contract and violation of South Carolina public policy. The defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3), asserting jurisdiction based upon 28 U.S.C. §§ 1331 and 1343. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motion to remand this matter to state court. (ECF No. 6.) The defendant filed a response in opposition. (ECF No. 9.) Having reviewed the parties' submissions and the applicable law, the court finds that the plaintiff's motion should be granted.

**DISCUSSION**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly

construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

  The plaintiff appears to have done so here. The Complaint asserts the following causes of action: (1) race discrimination under S.C. Code Ann. § 1-13-20 in the South Carolina Human Affairs Law; (2) racially hostile work environment, generally referencing the South Carolina Human Affairs Law; (3) retaliation, referencing the South Carolina Code of Laws governing the South Carolina Human Affairs Commission; (4) breach of contract; (5) breach of contract with fraudulent intent; and (6) violation of South Carolina public policy. Nowhere in the Complaint does the plaintiff refer to Title VII of the Civil Rights Act or any other federal statute; nor does she identify any other federal law constituting an essential element of her claim.

  The defendant argues that despite the lack of an express reference to Title VII, the plaintiff appears to have invoked that federal statute because she requested a jury trial, which is not available

under the state Human Affairs Law. However, the court observes that generally a jury trial is available to plaintiffs regarding common law claims of breach of contract; moreover, the causes of action in the Complaint based upon the Human Affairs law do not reference a jury determination. Rather, the jury demand is contained in the caption of the Complaint and in the civil cover sheet. Similarly, the defendant cites no case law supporting its position that the fact that the plaintiff seeks damages or remedies in her Complaint that are not available under the state Human Affairs Law somehow converts her causes of action into claims brought under Title VII.

The defendant also contends that the Complaint "references Title VII factually," citing to allegations in the Complaint averring that she filed an administrative charge of discrimination with the Equal Employment Opportunity Commission, and that her administrative charge relies on Title VII. However, it is the face of the well-pleaded complaint which governs, and case law indicates that a plaintiff is entitled to rely solely on state law in her Complaint if she so elects, despite having invoked federal law while exhausting her administrative remedies. See Caterpillar Inc., 482 U.S. at 392; see also Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 785-87 (E.D. Va. 2007); Pendergraph v. Crown Honda-Volvo, LLC, 104 F. Supp. 2d 586, 588 (M.D.N.C. 1999).

### RECOMMENDATION

It appearing that the Complaint raises claims based solely on state law, the court recommends that the plaintiff's motion to remand be granted.

September 11, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).